UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KERRI COLLINS o/b/o S.W.,

    Plaintiff,

vs.                                      Case No. 3:06-cv-870-J-HTS

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

    Defendant.

## OPINION AND ORDER[1]

### I. Status

Kerri Collins, acting on behalf of S.W., a minor child, is appealing the Social Security Administration's denial of her son's claim for Supplemental Security Income. Plaintiff[2] based the claim of disability on a "slow learning disability." *See* Transcript of Administrative Proceedings (Tr.) at 88 (capitalization omitted).

---

     [1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #16).

     [2]    For the purposes of this Opinion and Order, the designations Plaintiff and Claimant will refer to the minor child.

Upon remand, and after an earlier application was consolidated, Plaintiff was ultimately found not disabled by Administrative Law Judge (ALJ) John Marshall Meisburg, Jr. in a Decision entered on July 28, 2006. *Id.* at 363, 381. The available administrative remedies have been exhausted and the case is properly before the Court.

## II.  Determining Child Disability

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (Act), Pub. L. No. 104-193, §§ 211-212, 110 Stat. 2105 (codified as amended at 42 U.S.C. § 1382c), "tighten[ed] . . . the definition of 'disabled' with respect to children under 18." *Wilson v. Apfel*, 179 F.3d 1276, 1277 (11th Cir. 1999) (per curiam).  Under the Act,

> [a]n individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

Personal Responsibility and Work Opportunity Reconciliation Act § 211(a)(4)(C)(i); *see also* 42 U.S.C. § 1382c(a)(3)(C)(i).

The regulations set out a three-step analysis for determining child disability claims. A child is considered disabled if he or she 1) is not engaged in substantial gainful activity; 2) has a medically determinable impairment that is severe; and 3) the

impairment meets, medically equals, or functionally equals an impairment listing found in 20 C.F.R., pt. 404, subpt. P, app. 1. 20 C.F.R. § 416.924.  An impairment functionally equals a listed impairment if the child has "'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain."  20 C.F.R. § 416.926a(a).  Six domains are to be considered: acquiring and using information, attending to and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being.  *Id.* at § 416.926a(b)(1).

### III.  **Legal Standard**

This Court reviews the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by 'substantial evidence[.]'" *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1260 (11th Cir. 2007); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).  Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)); *see also Ingram*, 496 F.3d at 1260.  Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a

"failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## IV. Discussion

### A. Findings as to Functional Limitations

### 1. Attending and Completing Tasks

Plaintiff argues the ALJ provided insufficient reasons for finding him less than markedly limited in the domain of attending and completing tasks. Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #17; Memorandum) at 7-13. Specifically, he contends the judge "fail[ed] to address all of [Ms. Tracy Hilton's] opinion[.]" Memorandum at 9. Further, he asserts "[t]he ALJ . . . failed to address . . . evidence of record that contradicts" the finding Claimant "never failed to complete all testing[.]" *Id.*

"Although an ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . ." *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Rather, the judge "must explain why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (citation and internal

- 4 -

quotation marks omitted); *see also Medina v. Barnhart*, Civil No. 05-3107 (JEI), 2006 WL 1458205, at *5 (D.N.J. May 24, 2006).

In summarizing the evidence supportive of a severe combination of impairments, the ALJ describes an August 2001 questionnaire (Questionnaire) from Ms. Hilton. *See* Tr. at 367. He notes the teacher had "indicated that the claimant had difficulty sitting still and could be impulsive at times[,] had a limited attention span, that had improved from the previous year[,]" and that "Ms. Hilton determined that the claimant stayed on task and completed assignments." *Id.; cf. id.* at 119. This summary includes those aspects of the teacher's opinions of concern to Plaintiff. *Cf.* Memorandum at 9.

Nevertheless, when evaluating at the third step Plaintiff's ability to attend to and complete tasks, the ALJ refers to the Questionnaire only by writing that "[t]he claimant's teacher, Ms. Hilton[,] indicated that the claimant is able to stay on task and complete assignments." Tr. at 376. More troubling, the judge asserts that, "[d]uring his many evaluations, there was no indication that the claimant completely failed to complete testing." *Id.* As pointed out in Plaintiff's brief, *see* Memorandum at 9, this statement appears to be contradicted by the report of a speech pathologist dated October 4, 2001. *See* Tr. at 154. Said record clearly recounts "[t]he Weiss Comprehensive Articulation Test (WCAT) was not completed as [Claimant] would not attend to the

tasks in order to complete this examination." *Id.; cf. id.* at 155 (Claimant "would not imitate movements to allow a complete examination."), 328 (teacher statement recounting Claimant is "always out of his seat" and "off task the majority of the day"). Accordingly, this case will be remanded to the ALJ with instructions to reevaluate all evidence bearing upon Claimant's capacity for attending to and completing tasks. In doing so, he will of course need to reconsider opinions bearing upon the issue. If the judge thereafter remains of the view Claimant experiences less than marked limitations in this domain, he must be sure to provide a rationale that sufficiently takes account of any arguably contrary records and testimony. *See, e.g., id.* at 46-47, 51, 652-54 (testimony from Plaintiff's mother); 148-49 (observations of Peter Knox, M.Ed. regarding Claimant's actions during testing); 328 (progress report from Shirley Pugh, teacher, recounting behavioral problems); 436-38, 445B-D (reports from Mary Lou Bane, teacher, indicating "serious" and "very serious" problems); 597 (questionnaire from Dr. Cedras).[3]

### 2. Interacting and Relating With Others

Plaintiff also contends the judge's "finding regarding this domain is not supported by substantial evidence[.]" Memorandum at 15. He correctly observes the ALJ's analysis fails to address Ms.

---

[3] The ALJ's treatment of Dr. Cedras's opinions is also the subject of part IV.B. of this opinion.

Bane's opinion as to this domain. *See* Memorandum at 13-15; Tr. at 373 (acknowledging only that "Ms. Bane . . . indicated that the claimant had limitations in acquiring and using information and attending and completing tasks"). This omission is particularly surprising in that the judge relies heavily upon evidence from a different teacher. *See* Tr. at 377. On remand, the ALJ is to reassess Claimant's ability to interact and relate with others.

### B. Treating Physician

According to Plaintiff, "[t]he decision of the ALJ to provide little weight to Dr. Cedras' opinions is not supported by substantial evidence and contrary to the applicable legal authority." Memorandum at 16.

"[T]he opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physician's diagnosis." *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also Phillips*, 357 F.3d at 1241 ("When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate [his or her] reasons.").

"The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards*, 937 F.2d at 583; *see Phillips*, 357 F.3d at 1240-41. However, the ALJ may not simply substitute his judgment for that of a medical expert. *See Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986) (per curiam). "Where the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, . . . as a matter of law . . . he has accepted it as true." *MacGregor*, 786 F.2d at 1053.

The ALJ addresses Dr. Cedras's opinions with the following explanation.

> Little weight was given the opinion of Dr. Cedras who completed a Childhood Impairment/Disability questionnaire regarding the claimant. In completing the questionnaire[,] Dr. Cedras opined that the claimant had marked limitations in his ability to attend to and comp[l]ete task[s] and interact and relate with others. Dr. Cedras did not include objective findings which supported his assessment. Further, the claimant's school records [d]o not support these findings. The claimant's teacher had previously noted that he stayed on task and completed assignments and that he had 1 or 2 age appropriate friendships. Great weight was given the opinion [of] the claimant's teacher, Ms. Hilton.

Tr. at 373.

As discussed in part IV.A.1. of this opinion, the judge must reevaluate the evidence bearing upon Plaintiff's capacity for attending to and completing tasks. He must also reconsider the extent of Claimant's ability to interact and relate with others. While Dr. Cedras's opinions will thus need to be reviewed in any

event, a specific deficiency unique to the Decision's analysis with regard to this physician should be noted.  To wit, the judge's reliance on an observation that the doctor "did not include objective findings" on the questionnaire, *id.*, appears unjustified. The form did not unambiguously instruct Dr. Cedras to justify his opinions with objective findings.  *See id.* at 597-98. Nevertheless, in answering a question as to whether "extra support and/or [a] structured setting" were required, the doctor described Claimant's "severe hyperactivity-impulsivity which interferes with his ability to focus and processing of given commands" and remarked "[t]his has an impact on both the social and academic spheres." *Id.* at 598.  Moreover, the judge does not discuss the other records from Dr. Cedras, including treatment notes, which arguably support his opinions.  *See, e.g., id.* at 229 ("very impulsive--wanting to go [and] turn on faucet 4-5 times"), 230 ("moderate to severe impulsivity-hyperactivity"), 231 ("This child['s] impulsivity [and] hyperactivity is rather severe . . . . [He] is in constant motion, impulsive--will not sit down[.]"), 232 ("In the room he is all over the place, literally grabs everything[.]"), 233 (noting score of 9/9 on a hyperactive-impulsive scale), 234 (describing impulsive behavior).  On remand, should Dr. Cedras's opinions again be rejected, the ALJ should be sure to articulate an adequate rationale for doing so.

### V. Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1383(c)(3), **REVERSING** the Commissioner's decision with instructions to 1) reevaluate all evidence bearing upon Claimant's capacity for attending to and completing tasks; 2) reassess Claimant's ability to interact and relate with others; 3) reconsider the opinions of Dr. Cedras relevant to the domains identified in items 1 and 2 and, if such opinions are again rejected, articulate an adequate rationale for so doing; and 4) conduct any other proceedings deemed appropriate.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of November, 2007.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any